

MAY 18 2023

BONNIE HACKLER
Clerk, U.S. District Court

By_____
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

    *Plaintiff*,

v.

EDUARDO GARCIA a/k/a Eduardo
Garcia Olvera a/k/a Eduardo Olvera
Garcia a/k/a Lalo,

    *Defendant*.

Case No. CR-23-044-JFH

## PLEA AGREEMENT

### PARTIES

This plea agreement is entered into by and between the United States, by and through the United States Attorney for the Eastern District of Oklahoma and the above-captioned defendant.

### I. THE PLEA

#### DEFENDANT'S PLEA

The defendant agrees to voluntarily plead guilty to and admits to being guilty of the following charges in the Eastern District of Oklahoma:

| Count | Offense | Statute |
|---|---|---|
| One | Felon in Possession of a Firearm | 18 U.S.C. §§ 922(g)(1) & 924(a)(8) |

as set forth in the Indictment. At the time the guilty plea is entered, the defendant shall admit to the Court that the defendant is, in fact, guilty of the offense charged in the Indictment.

#### MAXIMUM POSSIBLE IMPRISONMENT AND/OR FINE

The defendant understands that the *maximum* possible penalty for Felon in Possession of a Firearm is imprisonment for a period of 15 years and/or a fine of $250,000.00, a term of

Defendant Initials *E.G.*,    Page 1 of 18

supervised release to be determined by the Court, and a special assessment in the amount of $100.00. The defendant understands that the Court may impose a fine pursuant to the Sentencing Reform Act of 1984. The willful failure to pay any fine imposed by the Court, in full, may be considered a breach of this plea agreement. Further, the defendant acknowledges that willful failure to pay the fine may subject the defendant to additional criminal violations and civil penalties pursuant to Title 18, United States Code, Section 3611, *et seq*.

### FACTUAL BASIS FOR PLEA

The defendant agrees that if this matter were to proceed to trial, the United States could prove the following facts beyond a reasonable doubt, and that these facts accurately represent the defendant's provable offense conduct and specific offense characteristics:

On or about November 4, 2022, in the Eastern District of Oklahoma, the defendant knowingly possessed, in and affecting interstate commerce, (1) one 20 GA Browning Light Twenty shotgun, serial number 07218NV231; (2) one 20 GA Mossberg model 185K shotgun with no serial number; and (3) one 9mm LUGER Ruger PC Carbine, serial number 912-66302. At the time the defendant possessed these firearms, he had been convicted of a crime punishable by imprisonment for a term exceeding one year and he knew of such conviction.

The defendant understands that defendant will have to swear under oath to the accuracy of this statement, and if defendant should be called upon to testify about this matter in the future, any inconsistencies in such testimony may subject defendant to additional penalties of perjury which may be enforced by the United States under this agreement.

## II. LIMITATIONS OF THE AGREEMENT

### NO OTHER CHARGES (TAX CHARGES EXCLUDED)

Defendant Initials *E.G*        Page 2 of 18

The United States Attorney's Office for the Eastern District of Oklahoma agrees that it will not bring any other criminal charges against the defendant which are known to the United States Attorney's Office for the Eastern District of Oklahoma as of the date of this agreement. However, nothing in this agreement will limit prosecution for criminal tax charges, if any, arising out of such offense(s).

### COURT, IRS & OTHERS NOT BOUND

The defendant understands that the Court is not a party to and is not bound by this agreement nor any recommendations made by the parties. Nothing in this agreement shall limit the Internal Revenue Service in its collection of any taxes, interest or penalties due from the defendant arising out of or related in any way to the offenses identified in this agreement. Nothing in this agreement shall bind any other federal, state or local district, jurisdiction or law enforcement agency.

## III. WAIVERS

### SPEEDY TRIAL ACT WAIVER

The defendant waives and agrees to waive any rights under the Speedy Trial Act.

### WAIVER OF CIVIL CLAIMS AND HYDE ACT CLAIMS

The defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to the defendant.

### FREEDOM OF INFORMATION ACT (FOIA) WAIVER

The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case including, but not limited to, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

Defendant Initials _E.G_         Page 3 of 18

## WAIVER OF APPELLATE AND POST-CONVICTION RIGHTS

In consideration of the promises and concessions made by the United States in this Plea Agreement, the defendant knowingly and voluntarily agrees and understands the following appellate and post-conviction terms of this agreement:

    a.    the defendant waives the right to directly appeal the conviction and sentence pursuant to 28 U.S.C. § 1291 and/or 18 U.S.C. § 3742(a);

    b.    the defendant reserves the right to appeal from a sentence which exceeds the statutory maximum;

    c.    the defendant expressly acknowledges and agrees that the United States reserves all rights to appeal the defendant=s sentence as set forth in 18 U.S.C. § 3742(b), and *U.S. v. Booker*, 125 S.Ct. 738 (2005);

    d.    the defendant waives the right to collaterally attack the conviction and sentence pursuant to 28 U.S.C. § 2255, except for claims based on ineffective assistance of counsel;

    e.    the defendant waives the right to have the sentence modified pursuant to 18 U.S.C. § 3582(c), except for a rule 35(b) motion filed by the government or a motion for compassionate release under 3582(c)(1)(A), limited to the grounds set forth in U.S.S.G §1B1.13 until such provision is modified by the Sentencing Commission, filed by the defendant;

    f.    the defendant waives the right to appeal the District Court=s determination of the amount of restitution and the Court=s subsequent restitution order, if any; and

    g.    the defendant waives the right to appeal the District Court's determination of any forfeiture issues and the Court's subsequent forfeiture order, if any.

## WAIVER OF "DEPARTURE" AND "VARIANCE" RIGHTS

In consideration of the promises and concessions made by the United States in this Plea Agreement, the defendant knowingly and voluntarily agrees and understands the following waiver of rights:

    a.    the defendant waives the right to request, recommend, or file a "departure" motion with the U.S. Probation Office or Court recommending a sentence below the Guidelines range through application of Chapters Four or Five of the Sentencing Guidelines; and

Defendant Initials _E. G._ .    Page 4 of 18

  b. the defendant waives the right to request, recommend, or file a "variance" motion with the U.S. Probation Office or Court requesting a sentence below the Guidelines range through the application of 18 U.S.C. § 3553(a).

The defendant has been represented by counsel, and is fully satisfied with the services rendered by the defense attorneys and agrees that such representation has been competent legal representation and has provided the best result for the defendant possible under the circumstances of this case. The defendant expressly acknowledges that counsel has explained defendant=s trial, sentencing, appellate and post-conviction rights; that defendant understands these rights; and that defendant knowingly and voluntarily waives and relinquishes those rights as set forth above.

*[Signature: Eduardo Garcia]*
EDUARDO GARCIA a/k/a Eduardo Garcia Olvera a/k/a Eduardo Olvera Garcia a/k/a Lalo,

5-8-2023
Date Signed

## IV. WITHDRAWAL OF PLEA OR BREACH OF AGREEMENT

### WITHDRAWAL OF PLEA

If the Court imposes a sentence with which the defendant is dissatisfied, the defendant will not be permitted to withdraw any guilty plea for that reason alone, nor will the defendant be permitted to withdraw any plea should the Court decline to follow any recommendations by any of the parties to this agreement.

### BREACH OF AGREEMENT

In the event the United States believes the defendant has failed to fulfill any obligations under this agreement, committed any local, state, tribal or federal offense after execution of this agreement or has falsely implicated an innocent person in the commission of a crime, the United States shall, in its discretion, have the options of declaring any provision of this agreement null

Defendant Initials _E.G._  Page 5 of 18

and void. The defendant and the United States agree that in the event the Court concludes that the defendant has breached this agreement:

   a. the defendant will not be permitted to withdraw any guilty plea tendered under this agreement and agrees not to petition for withdrawal of any guilty plea;
   b. the United States will be free to make any recommendations to the Court regarding sentencing in this case;
   c. any evidence or statements made by the defendant during any cooperation phase will be admissible at any trials or sentencings; and
   d. the United States will be free to bring any other charges it has against the defendant.

### RE-INSTITUTION OF PROSECUTION

If defendant's guilty plea is rejected, withdrawn, vacated, or reversed at any time, the United States will be free to prosecute the defendant for all charges of which it then has knowledge, and any charges that have been dismissed will be automatically reinstated or may be represented to a grand jury with jurisdiction over the matter. In such event, defendant waives any objections, motions or defenses based upon the Statute of Limitations, Speedy Trial Act, or any constitutional restrictions as to the time of bringing such charges.

## VI. PRE-SENTENCE REPORT AND SENTENCING PROVISIONS

### INFORMATION TO BE CONSIDERED AT SENTENCING

The defendant understands that the United States may bring to the Court's attention, and the Court may consider, all relevant information with respect to the defendant's background, character and conduct, including the conduct that is the subject of the charges which the United States has agreed to dismiss, and the nature and extent of the defendant's cooperation, if any. The United States may bring to the Court's attention and the Court may consider any failure by the defendant to fulfill any obligation under this agreement.

### SENTENCING RECOMMENDATIONS

*Acceptance of Responsibility and Third Point Motion*

Defendant Initials E. G.          Page 6 of 18

Counsel for the defendant has affirmatively indicated that the defendant not only wishes to enter a plea of guilty, but also clearly demonstrates a recognition and affirmative acceptance of responsibility as required by the sentencing guidelines. Provided that the defendant clearly demonstrates acceptance of responsibility in a timely manner, the United States agrees to recommend a two-point reduction in the offense level pursuant to U.S.S.G. § 3E1.1. If the defendant can adequately demonstrate this recognition and affirmative acceptance of responsibility to the Court, the United States Attorney's Office will move that the defendant receive a third-point reduction in the defendant's offense level for acceptance of responsibility, if the defendant is eligible for such relief under the United States Sentencing Guidelines. The failure of the Court to find that the defendant is entitled to a reduction for acceptance of responsibility shall not be a basis to void this plea agreement.

*Stipulations*

The defendant and the United States agree and stipulate to the following facts related to sentencing:

    a.    For the purpose of relevant conduct, the number of firearms for which defendant is responsible are the three firearms described in Count One of the Indictment.

    b.    A reasonable sentence is one within the Sentencing Guidelines Range of 12 to 18 months, based on a criminal history category of I and a total offense level of 13, calculated as follows:

| | |
|---|---|
| Base Offense Level: (U.S.S.G. § 2K2.1(a)(6)) | 14 |
| Specific Offense Characteristics: (U.S.S.G. § 2k2.1(b)(1)(A)) | +2 |
| Adjusted Offense Level (Subtotal): | 16 |
| Acceptance of Responsibility: (U.S.S.G. § 3E1.1) | -3 |
| Total Offense Level: | 13 |

Defendant Initials _____   Page 7 of 18

The defendant understands that neither the Court nor the United States Probation Office is bound by the foregoing stipulations, whether such stipulations relate to questions of fact or law or to the determination of the correct advisory sentencing guideline calculation.

## VII. FINANCIAL OBLIGATIONS

The defendant understands and agrees that the total amount of any monetary judgment the Court orders the defendant to pay will be due and payable immediately. The defendant further understands and agrees that pursuant to 18 U.S.C. § 3614, the defendant may be resentenced to any sentence which might have originally been imposed if the Court determines the defendant has knowingly and willfully refused to pay a fine as ordered or has failed to make sufficient bona fide efforts to pay a fine. Additionally, the defendant acknowledges and agrees the government may enforce collection of any fine imposed in this case pursuant to 18 U.S.C. § 3572, 3613 and 3664(m), notwithstanding any initial or subsequent modified payment schedule set by the Court. The defendant further understands any monetary debt the defendant owes related to this matter may be included in the Treasury Offset Program (TOP) to potentially offset the defendant's federal retirement benefits, tax refunds, and other federal benefits.

Pursuant to 18 U.S.C. § 3612(b)(F), the defendant agrees that until a fine is paid in full, the defendant must notify the United States Attorney's Office (ARU) of any changes in the mailing address or residence address within 30 days of such change. Further, pursuant to 18 U.S.C. § 3664(k), the defendant shall notify the court and the United States Attorney's Office (ARU) immediately any change in economic circumstances that might affect the defendant's ability to pay restitution, including, but not limited to, new or changed employment, increases in income, inheritances, monetary gifts or any other acquisition of assets or money.

FORFEITURE

Defendant Initials _E. G._   Page 8 of 18

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture which are in the possession or control of the defendant or defendant's nominees. Such assets to be forfeited may include cash, stocks, bonds, certificates of deposit, personal property and real estate. The assets to be forfeited shall specifically include the following:

- One (1) 20 GA Browning Light Twenty shotgun, serial number 07218NV231;
- One (1) 20 GA Mossberg model 185K shotgun with no serial number; and
- One (1) 9mm LUGER Ruger PC Carbine, serial number 912-66302.

The defendant further agrees to fully assist the United States in the recovery and return to the United States of any assets or portions thereof as described above wherever located. The defendant further agrees to make a full and complete disclosure of all assets over which he or she exercises control and those which are held or controlled by a nominee. The defendant further agrees to be polygraphed on the issue of assets if it is deemed necessary by the United States. The defendant agrees to forfeit all interests in the properties as described above and to take whatever steps which will facilitate the passing or are necessary to pass clear title to the United States. These steps include but are not limited to the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents which may facilitate or are necessary to effectuate such transfers. The defendant agrees not to object to any civil forfeiture brought against these properties by the United States or any agency thereof.

## VIII. OTHER TERMS

### IMMIGRATION MATTERS

*Acknowledgment of Possible Deportation or Removal*

Defendant Initials _E. G._   Page 9 of 18

The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Specifically, the defendant understands that if convicted, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Under federal law, a broad range of crimes are removable offenses, including the offense to which the defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that this plea may entail, even if the consequence is the defendant's automatic removal from the United States.

*Consent to Removal*

The defendant acknowledges that the defendant is removable from the United States and agrees not to contest any removal proceedings brought against the defendant by the Department of Homeland Security (DHS). If the DHS files a Notice to Appear or other administrative charging document against the defendant, the defendant agrees to request an expedited removal hearing and to consent to removal. The defendant acknowledges that by consenting to removal, the defendant will be immediately removed from the United States upon the completion of any period of incarceration. The defendant knowingly and voluntarily waives any and all rights to appeal, reopen, reconsider or otherwise challenge this removal.

*Waiver of Rights Related to Removal from the United States*

The defendant agrees to waive the defendant=s rights to any and all forms of relief from removal, deportation or exclusion under the Immigration and Naturalization Act (as amended)

Defendant Initials _E. G._    Page 10 of 18

and related federal regulations. These rights include, but are not limited to, the ability to apply for the following forms of relief: (a) voluntary departure; (b) asylum; (c) cancellation of removal; (d) withholding or suspension of deportation; and (e) adjustment of status. In addition, the defendant agrees to waive the defendant=s rights to relief from removal under Article 3 of the Convention Against Torture.

*Abandonment of Pending Applications for Relief from Removal*

The defendant understands and agrees that any application for relief from removal, deportation or exclusion filed by or for the defendant prior to the completion of this plea agreement shall be deemed abandoned. The defendant further understands and agrees that the filing of any applications for relief from removal, deportation or exclusion, whether written or oral, or the prosecution of any pending applications, before any federal court, the Board of Immigration Appeals, an immigration judge, or the DHS, shall breach this agreement.

*Defendant's Cooperation in Removal Proceedings*

The defendant agrees to assist the DHS in the execution of the defendant=s removal. Specifically, the defendant agrees to assist the DHS in the procurement of any travel or other documents necessary for the defendant=s removal; to meet with and to cooperate with representatives of the country or countries to which the defendant=s removal is directed; and to execute those forms, applications, or waivers needed to execute or expedite defendant=s removal. The defendant further understands and agrees that the defendant=s failure or refusal to assist the DHS in the execution of the defendant=s removal shall be a breach of this plea agreement and may subject the defendant to criminal penalties under 8 U.S.C. § 1253.

## IX. CONTRACTUAL SPECIFICATIONS

### REASONS FOR AGREEMENT

Defendant Initials _E.G._ .     Page 11 of 18

The United States enters into this plea agreement with the defendant because this disposition of the matter fairly and adequately addresses the gravity of the series of offenses from which the charges are drawn, as well as the defendant's role in such offenses; takes into account the public interest in a prompt and certain disposition of the case; adequately protects the public; and promotes respect for the law, thereby serving the ends of justice.

### COMPLETE AGREEMENT/TERMS NOT SEVERABLE/CONSTRUCTION

The parties agree that this plea agreement was negotiated between competent legal counsel and shall not be construed against either the United States or the defendant because both parties acknowledge responsibility for the plea agreement reached as a result of negotiation with respect hereto and the expressed herein. The subject headings herein are for convenience only and are not part of this plea agreement. This document sets forth the complete and only terms of the plea agreement between the United States Attorney for the Eastern District of Oklahoma and the defendant in this case, and is binding only on the United States Attorney's Office for the Eastern District of Oklahoma and the defendant. This written agreements supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than by a writing that is signed by all parties or on the record in Court. No other promises or inducements have been or will be made to the defendant in connection with this case, nor have any predictions or threats been made in connection with this plea. This agreement is not contingent in any way upon the outcome of any investigation, proceeding or subsequent trial.

### SIGNATURE REQUIREMENTS

None of the terms of this agreement shall be binding on the Office of the United States Attorney for the Eastern District of Oklahoma until this agreement is signed by the defendant, defense counsel and the United States Attorney, or his authorized representative.

### ACKNOWLEDGMENTS

Defendant Initials _E. G._   Page 12 of 18

I have read this agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it without reservation. No promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement and plea supplement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it. I do this of my own free will. No threats have been made to me, nor am I under the influence of anything that could impede my ability to fully understand this plea agreement.

5-8-2023
Date

*Eduardo Garcia*
EDUARDO GARCIA a/k/a Eduardo Garcia Olvera a/k/a Eduardo Olvera Garcia a/k/a Lalo
Defendant

I am the defendant's counsel. I have carefully reviewed every part of this agreement with the defendant. The defendant's decision to enter into this agreement is an informed and voluntary one.

5-8-2023
Date

RACHEL DALLIS, OBA # 31973
Counsel for Defendant

On behalf of the Office of the United States Attorney for the Eastern District of Oklahoma, I accept this agreement of the defendant to plead guilty under the terms and conditions set forth herein.

CHRISTOPHER J. WILSON
United States Attorney

May 9, 2023
Date

ERIN CORNELL, CA BAR # 227135
Assistant United States Attorney

Defendant Initials _E G_          Page 13 of 18