IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff,*<br><br>v.<br><br>ERIC LOPEZ,<br><br>*Defendants.* | Case No. 23-CR-044-JFH-02 |

### UNITED STATES' RESPONSE TO ERIC LOPEZ'S MOTION FOR VARIANCE

**COMES NOW** the plaintiff, the United States of America, by and through Christopher J. Wilson, United States Attorney, and Erin A. Cornell, Assistant United States Attorney, and responds to defendant Eric Lopez's Motion for Variance. While the government agrees with the U.S. Probation Officer that a six-level enhancement applies for the purchase of between 25 and 99 firearms thus establishing an Adjusted Offense Level of 18, the government does not object to the defendant's request for a downward variance.

### I.  Background

Between October 2021 and October 2022, the defendant, members of his family, and a family associate purchased 107 firearms from four licensed firearms retailers in the Tahlequah and Muskogee areas. For each purchase, the defendants executed a Department of Justice ATF Form 4473, Firearms Transaction Record to the effect that they were the actual buyer of the firearm indicated on the Form 4473. In an indictment filed on March 8, 2023, the government alleged that as to each firearm transaction the defendants knew that they were not the actual buyer of the firearm. Defendant Eric Lopez was alleged to have personally purchased five firearms.

On August 30, 2023, the defendant pleaded guilty to Count Four of the indictment, without a plea agreement. The government will dismiss Count Eleven at the time of sentencing.

The Presentence Investigation Report (PSR) calculates the defendant's advisory guidelines range as 18 to 24 months, based on a Total Offense Level of 15 and Criminal History Category I. This range is in Zone D of the Sentencing Table. The defendant objects to the six-level enhancement for the involvement of 25 to 99 firearms, which increases his Base Offense Level from 12 to 18. The defendant also asks the Court to vary downward and sentence him to probation.

For the reasons set forth below, the government agrees with the Probation Office that the six-level enhancement for the involvement of 25 to 99 firearms applies to the defendant. Nevertheless, the government does not object to the defendant's request for a downward variance.

## II.   Argument

### A. Six-Level Enhancement for Number of Firearms Involved

Section 2K2.1(b)(1) of the United States Sentencing Guidelines provides that the offense level should be increased by six levels if the offense involved between 25 and 99 firearms. The Application Note for Section 2K2.1(b)(1) instructs that "only those firearms that were unlawfully sought to be obtained, unlawfully possessed, or unlawfully distributed, including any firearm that a defendant obtained or attempted to obtain by making a false statement to a licensed dealer" should be counted. The defendant himself unlawfully purchased five firearms. He should also be held accountable for the 52 firearms purchased by his son, Eric Jesus Lopez, and his wife, Savanna Jade Lopez. Eric Jesus and Savanna live with the defendant. Furthermore, during the investigation the defendant admitted that he, along with Eric Jesus, Savanna, and the other co-defendants were purchasing firearms for Eduardo Garcia. PSR ¶ 27. During the investigation, Eric Jesus also told agents that he involved his wife Savanna so that the purchases would be less suspicious. PSR ¶ 28. Therefore, it was reasonably foreseeable that the defendant was aware of the firearms that Eric Jesus and Savanna were purchasing for Eduardo Garcia, and therefore these additional firearms

should be included as part of the defendant's relevant conduct.  U.S.S.G. § 1B1.3(B).

      B.  <u>Request for Downward Variance</u>

The defendant is asking the Court to vary downward and sentence him to probation.  The government does not object to the defendant's request for a downward variance, as such a request here is supported by the Section 3553(a) factors.

The defendant has one prior conviction, for possession of a controlled substance in 1999 when he was 20 years old.  He received a one-year suspended sentence.  Other than this 25-year-old conviction, the defendant has steered clear of the criminal justice system.  During this time, he has been steadily employed and raised six children with his wife in Tahlequah.  While the government in no way is trying to downplay the seriousness of the defendant's crime – unlawfully purchasing firearms – the defendant has been and will continue to be deterred from committing future crimes, as reflected by his lack of criminal history and, going forward, his felony status due to the instant conviction.  Varying downward from the guidelines here will still provide a sentence that is sufficient but not greater than necessary to comply with the purposes set forth in Section 35553(a).

Furthermore, as demonstrated in the PSR, the defendants, including Eric Lopez, quickly cooperated with law enforcement by agreeing to interviews, which were integral to the overall investigation.  Although defendants obtained one continuance of trial, this was due to the size of the discovery production and was not because of the defendants' hesitancy to plead guilty.

### III.  <u>Conclusion</u>

For the reasons set forth herein, the defendant's relevant conduct should include the 52 firearms that his son and daughter-in-law purchased.  The government does not, however, object to the defendant's request for a downward variance.

Respectfully submitted,

CHRISTOPHER J. WILSON
United States Attorney

s/      Erin A. Cornell
ERIN A. CORNELL, CA Bar # 227135
Assistant United States Attorney
United States Attorney's Office
520 Denison Avenue
Muskogee, OK 74401
(918) 684-5100
Fax (918) 684-5150
Erin.Cornell@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2024, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Martin Hart, Attorney for Defendant Eric Lopez

s/      Erin A. Cornell
ERIN A. CORNELL
Office of United States Attorney